IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** | § | |
| as Broadcast Licensee of the December 6, 2008 | § | |
| "the Dream Match": De La Hoya/Pacquiao | § | |
| Event, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:11-CV-3358-L** |
| | § | |
| **1) COMAL RESTAURANTS, INC.** a/k/a | § | |
| **COMAL RESTAURANT, INC.,** Individually | § | |
| and d/b/a **EL COMAL MEXICAN** | § | |
| **RESTAURANT** and d/b/a **EL COMAL;** | § | |
| **2) MARIA CARMEN ROSALES** a/k/a | § | |
| **CARMEN ROSALES,** Individually and d/b/a | § | |
| **EL COMAL MEXICAN RESTAURANT** | § | |
| and d/b/a **EL COMAL,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Substitute Service, filed by J&J Sport Productions

("Plaintiff") on March 27, 2012. For the reasons herein explained, the court **denies without**

**prejudice** Plaintiff's Motion for Substitute Service ("Motion").

**I.      Background**

Plaintiff brought this action against Defendants on December 5, 2011, for alleged

misappropriation of Plaintiff's licensed exhibition of the December 6, 2008 "'The Dream Match':

Oscar De La Hoya v. Manny Pacquiao Welterweight Championship Fight Program" ("the Event")

by broadcasting the event in Defendants' establishment without authorization.  Pl.'s Compl. 3.

Plaintiff seeks statutory damages in an amount up to $160,000, injunctive relief, attorney's fees,

**Memorandum Opinion and Order – Page 1**

costs, and interest.   In its Motion, Plaintiff states that it has attempted unsuccessfully to serve

Defendants by personal service.   Plaintiff requests that it be allowed to serve Defendant Rosales

("Rosales") by delivering a true copy of the summons, Plaintiff's Original Complaint, and Plaintiff's

Disclosure Statement and Certificate of Interested Persons to anyone over eighteen years of age at

2827 Lourdes Street, Dallas, Texas 75211, or securely attaching a true and correct copy of the

aforementioned documents to the front door at this address.   Plaintiff further requests that it be

allowed to serve Defendant Comal Restaurants, Inc.,  ("Comal Restaurant") by serving the Texas

Secretary of State as Comal Restaurant's agent, pursuant to Tex. Bus. Org. Code § 5.251 *et seq*.

Plaintiff maintains that service in this manner is reasonably effective to give Defendants notice of

this suit.   For support, Plaintiff submitted the affidavits of Ronald L. Cobb ("Cobb") and Cherry F.

Davis ("Davis").   These affidavits also indicate that service was attempted at 1411 Beltline Road,

Irving, Texas 75061, which is presumably the address where Comal Restaurant is presumably

located.

## II.      Analysis

Federal Rule of Civil Procedure 4(e)(1) states that service can be effected on an individual

by "following state law for serving a summons in an action brought in courts of general jurisdiction

in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

Service on a corporation may also be accomplished in the same manner prescribed by Rule 4(e)(1)

for serving an individual or by delivering a copy of the summons and complaint to "an officer, a

managing or general agent, or any other agent authorized by appointment or by law to receive service

of process . . . ."  Fed. R. Civ. P. 4(h)(1)(A)-(B).  When personal service proves unsuccessful, Texas

law authorizes substitute service "[u]pon motion supported by affidavit stating the location of the

defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . but has not been successful." The court may authorize a party to effect substitute service: "(1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at [the defendant's usual place of business or abode], or (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b). Section 5.251 of the Texas Business Organizations Code relied on by Plaintiff provides that the secretary of state is an agent of an entity for purposes of service of process, notice, or demand on a filing entity if the entity fails to appoint or maintain a registered agent in Texas or the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity. Tex. Bus. Org. Code Ann. § 5.251(1) (West 2011).

Plaintiff's Motion and the affidavits submitted in support of the Motion state that service was attempted but unsuccessful ten times from January 7, 2012, to March 13, 2012, at 2827 Lourdes Street, Dallas, Texas 75211, and 1411 Beltline Road, Irving, Texas 7506. Neither of the affidavits, however, state specifically that service was attempted as to Rosales. Instead, they state that service was attempted only as to Comal Restaurant and refer vaguely to Comal Restaurant as the "person" and "subject." Additionally, neither Plaintiff's Motion nor the affidavits submitted state that 2827 Lourdes Street, Dallas, Texas 75211, is Rosales's usual place of business or usual place of abode or other place where she can probably be found.

Similarly, with regard to Comal Restaurant, Plaintiff's Motion states that Rosales is the registered agent for Comal Restaurant, but there is no evidence of this fact; nor is there evidence that 1411 Beltline Road, Irving, Texas 75061, or the other address is Rosales's usual place of business

or usual place of abode or other place where she can probably be found, or that this is the registered office of Comal Restaurant.  Moreover, Davis's affidavit indicates that 1411 Beltline Road, Irving, Texas 75061 is not an address where Rosales would likely be found because Davis states: "The subject is no longer employed here [at 1411 Beltline Road, Irving, Texas 75061] . . . the subject is retired and new owner is son Freddy."  Pl.'s Mot., Exh. A.  Additionally, if Rosales is the registered agent of Comal Restaurant as Plaintiff asserts, then section 5.251(1)(A) applicable to entities that fail to appoint or  maintain a registered agent does not apply, and there is nothing in Plaintiff's Motion or supporting affidavits to show that Rosales, as the registered agent of Comal Restaurant, could not with reasonable diligence be found at Comal Restaurant's registered office, wherever that may be.  *See id.* § 5.251(1)(B).  Thus, while Texas allows and provides for substitute service, the court determines that Plaintiff has not met its burden in that regard.

### III.    Conclusion

For the reasons herein explained, the court **denies without prejudice** Plaintiff's Motion for Substitute Service.  Given that this case has been pending for more than 120 days, the court **directs** Plaintiff to either effect service on Defendants within **30 days** or file an amended motion for substitute service with appropriate supporting affidavits by **May 11, 2012,** that addresses the deficiencies noted in this memorandum opinion and order.  Failure to do so may result in dismissal of this action.

**It is so ordered** this 4th day of May, 2012.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 4**